622 F.2d 367
 8 O.S.H. Cas.(BNA) 1363, 1980 O.S.H.D. (CCH) P 24,487
BUILDERS STEEL COMPANY, Petitioner,
v.
Ray V. MARSHALL, Secretary of Labor, United States Department of Labor,
and
Occupational Safety and Health Review Commission, Respondents.
 No. 77-1589.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 8, 1980.
Decided May 21, 1980.
 
 Richard W. Miller, and Thomas M. Moore, Miller, Simmons, Moore & Jung, Kansas City, Mo., for petitioner.
 Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Michael H. Levin, Washington, D. C., Counsel for Appellate Litigation, Allen H. Feldman, Asst. Counsel and Charles I. Hadden, Atty., U. S. Dept. of Labor, Washington, D. C., Daniel J. Mick, Asst. Counsel for Regional Litigation, Washington, D. C., Dennis K. Kade, Asst. Counsel for Appellate Litigation, Washington, D. C., and Diane E. Burkley, Atty., Washington D. C., for respondents.
 Before HEANEY and STEPHENSON, Circuit Judges, and BECKER, Senior District Judge.*
 HEANEY, Circuit Judge.
 
 
 1
 This matter is before the Court for a second time. When it was first here, we refused to enforce an Occupational Safety and Health Review Commission (Commission) decision that Builders Steel Company had committed serious violations of 29 C.F.R. § 1926.105(a).[1] Builders Steel Co. v. Marshall, 575 F.2d 663 (8th Cir. 1978). We remanded the matter to the Commission to permit it to take additional evidence on the question of whether that section applied to employees engaged in skeleton steel erection in single-story steel buildings at a height of less than thirty feet, or whether such persons were covered by the more specific standard governing skeleton steel erection, 29 C.F.R. § 1926.750(b)(2)(i).[2] We noted that the sections were inconsistent and that the language in both was ambiguous. Builders Steel Co. v. Marshall, supra, 575 F.2d at 666.
 
 
 2
 On remand, the Commission reassigned the matter to the administrative law judge who originally heard the case. The Secretary presented only one witness, David W. Hadden, a safety specialist with the Office of Construction, Civil Engineering and Safety Standards, United States Department of Labor, Occupational Safety and Health Administration. Unfortunately, Hadden's testimony adds little or nothing to the original record and does not resolve the question of whether section 1926.750(b)(2)(i) is the standard applicable to employees engaged in skeleton steel construction in single-story buildings. A portion of Hadden's ambiguous testimony is set forth below:
 
 
 3
 Q. At the time of the development and promulgation of 750(b)(2) was that standard meant to include nontiered structures?
 
 
 4
 A. Not solely because there were other problems in steel erection that were not addressed just by this flooring standard.
 
 
 5
 Q. At the time of the revision of 750(b)(2), the promulgation of the revision was July, 1974, at that time was the revised standard meant to include nontiered buildings?
 
 A. Not necessarily. (Emphasis added.)
 
 6
 Hadden testified that he was not aware of any statistical evidence indicating that the risks of falling during the construction of skeleton steel in a multi-story building are significantly less than in similar construction in a single-story building. Although Hadden also testified that certain other standards are applicable to both tiered and nontiered steel buildings, that testimony does not address the question presented.
 
 
 7
 Three witnesses, all officers of firms in the Kansas City area, testified on behalf of Builders Steel that they have never seen safety nets or planking used on a single-story project. They also testified that the safety considerations and tasks performed in skeleton steel construction were similar to those in constructing the first twenty-five or thirty feet of a tiered building. This testimony, also similar to that in the initial hearing, adds little or nothing to the record originally presented.
 
 
 8
 The administrative law judge summarized the testimony by stating (1) that few, if any, persuasive safety reasons exist for distinguishing falling distances in a single-story and a multi-story building; (2) that the July, 1974, amendment modifying section 1926.750(b)(2)(i) from "two floors or 25 feet" to "two floors or 30 feet" was a frank concession to economic considerations, see 39 Fed.Reg. 24,361 (1974); and (3) the most cogent safety reason in support of the revision was the elimination of hazards surrounding installation and removal of temporary floors in multi-tiered buildings. By expanding the temporary floor requirement to a thirty-foot maximum, most multi-story structures can now be erected using the permanent floor deck as a safety deck. Again, this summary is largely repetitious of that previously presented.
 
 
 9
 The administrative law judge concluded, as he had when the matter was first presented to him, that the relaxation of requirements with respect to multi-tiered buildings in section 1926.750(b)(2)(i) has not diminished the hazards to steel workers on a single-story project and that Builders violated 29 C.F.R. § 1926.105(a), requiring the use of a safety net.
 
 
 10
 While we agree that the Act and the regulations must be interpreted broadly to maximize protection to workers subject to serious injury, including steel erectors working at heights of twenty-five to thirty feet, we cannot agree with the administrative law judge or the Commission that section 1926.750(b)(2)(i) is not applicable to single-story buildings at heights of thirty feet or less. As we indicated in our original opinion, no language in the revised regulation indicates that it is limited to tiered buildings. To the contrary, it applies by its terms to all skeleton steel erection. It is now evident that little in the legislative history indicates that the Secretary intended to limit the regulation to multi-tiered buildings. It is equally clear that the Secretary does not generally enforce the regulation in single-story buildings of thirty feet or less.
 
 
 11
 We also note that the statement supporting the 1974 revision recognized that the revised regulation would be inconsistent with section 1926.750(b)(1)(ii), and yet failed to state that safety nets were still intended to be required for employees engaged in skeleton steel construction in single-story buildings at heights between twenty-five and thirty feet.
 
 
 12
 Sections 1926.105(a) and 1926.750(b)(1)(ii), in specified situations, require the use of safety nets no more than 25 feet below a place where work is done. Several comments argue that if these provisions are left to stand as they are now, and if the proposed amendment to § 1926.750(b)(2) is adopted, there would result a conflict between the 25-foot provision in the former two requirements and the 30-foot provision of the amendment. Since the amendment is supported, it is urged that the other two standards also be changed so as to require safety nets no more than 30 feet below a work place. But we think the resultant numerical identity would be unwarranted, because the forms of protection required and the work situations covered are not identical. The limited purpose of the proposed 30-foot requirement is to bring a present standard in line with current designs in steel construction which involve the use of a greater depth of structural beam members. This reason does not apply generally to all situations where safety nets are required. Moreover, as already pointed out, a floor permits some work to be done by employees standing on the floor. Thus, it is expected that the hazards of falling, and of falling the whole potential distance, are fewer when floors are provided than when safety nets are provided.
 
 
 13
 39 Fed.Reg. 24,361 (1974).
 
 
 14
 The administrative law judge again cites to Havens Steel Co., OSHRC Docket No. 13463 (Jan. 29, 1976), 1975-76 CCH OSHD P 20,467, in support of his position. This decision is on point and it was affirmed in one sentence by the District of Columbia Circuit, 607 F.2d 493 (D.C.Cir.1979). Havens, however, stated that Daniel Construction Co., OSHRC Docket Nos. 7734, 7672 (Feb. 10, 1977), 1976-77 CCH OSHD P 21,521, and McKee Wellman Power Gas, OSHRC Docket No. 12618 (June 23, 1977), 1977-78 CCH OSHD P 21,972, were controlling, and neither case is on point. Daniel involved the construction of a 100-foot-high tower in which neither temporary or permanent floors at thirty-foot levels were practical, and Wellman involved the construction of a sixty-foot-high tower where floors at thirty-foot levels were also impractical. In each of those cases, the Commission held that alternate safety devices could be used where flooring is impractical. In single-story buildings with heights of thirty feet or less, flooring, whether it be temporary, a permanent wood or concrete floor, or the ground is practical.
 
 
 15
 Although the Secretary can, of course, amend the regulations to require the use of safety nets by employees erecting skeleton steel in single-story buildings at heights of up to thirty feet if he believes that employee safety so requires, we do not believe that existing regulations compel the use of nets in such circumstances. We thus refuse to enforce the citation and the penalty.
 
 
 
 *
 The Honorable William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation
 
 
 [1]
 29 C.F.R. § 1926.105(a) provides:
 Safety nets shall be provided when workplaces are more than 25 feet above the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical.
 
 
 [2]
 29 C.F.R. § 1926.750(b)(2)(i) provides:
 Where skeleton steel erection is being done, a tightly planked and substantial floor shall be maintained within two stories or 30 feet, whichever is less, below and directly under that portion of each tier of beams on which any work is being performed, except when gathering and stacking temporary floor planks on a lower floor, in preparation for transferring such planks for use on an upper floor. Where such a floor is not practicable, paragraph (b)(1)(ii) of this section applies.